# H. C. COLE & COMPANY *v.* WILLIAM LEA & SONS COMPANY.*

---

EVIDENCE; TRADEMARKS; APPEAL AND ERROR.

1. Entries in account books more than thirty years old, and found in proper custody, and free from all ground of suspicion, prove themselves; and when offered to prove shipments of goods are to be considered as part of the *res gestæ,* rather than as recitals of past events.

2. Prior adoption and use of a trademark consisting of the letters "F F F," as applied to flour, is sufficiently shown by one of the parties to a trademark interference, by entries in account books of its predecessor, showing shipments of "3 F flour," and the testimony of a retired miller, who is a disinterested witness, that such predecessor used the trademark "F F F" upon flour, and that he had done much of

---

*As to what is provable by books of account, see note to *Hall* v. *Chambersburg Woolen Co.* 52 L.R.A. 689.

As to party's books of account as evidence in his own favor, see note to *Smith* v. *Smith,* 52 L.R.A. 545.

the branching himself, where such shipments and use antedated the adoption and use of the mark by the other party.

3. In reaching a conclusion on an appeal, the court eliminated from its consideration testimony elicited by leading questions, where objections to such questions were noted, and cited *American Stove Co.* v. *Detroit Stove Works*, 31 App. D. C. 304.

No. 638.   Patent Appeals.   Submitted May 11, 1910.   Decided May 26, 1910.

HEARING on an appeal from a decision of the Commissioner of Patents in a trademark interference proceeding.

*Affirmed.*

The facts are stated in the opinion.

*Messrs. Steuart & Steuart* for the appellant.

*Mr. Titian W. Johnson* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is a trademark interference proceeding. Appellant's mark, "F F F G," was registered September 25th, 1883, No. 10,599. The appellee registered its mark, "F F F," March 23d, 1886, No. 13,128. It now seeks registration under the act of 1905.

The Examiner of Interferences found that "the testimony establishes, in a fairly satisfactory manner, that the predecessor of each party was using its mark during at least a portion of the year 1855, and that such use has been continued to date without loss by either party, or its predecessor, of the right of use, if such right ever obtained." The Examiner found, however, that neither party was able satisfactorily to establish its prior right of use, and hence "that neither should have the right to exclude the other." The Commissioner, after a careful review of applicant's evidence relating to adoption and use of its mark prior to 1855, the earliest date to which appellant is entitled, held that "the William Lea & Sons Company adopt-

ed and used its mark 'F F F' prior to any date of adoption and use which can be accorded to H. C. Cole & Company."

Preston Lea, whose father was a member of the firm of Tatnall & Lea, originators of appellee's mark, first became connected with that firm as a clerk in 1858. He produced old account books which he testified were used in the business of Tatnall & Lea and other predecessors of appellee. The entries in the first book he was unable to identify, since they were made prior to his connection with the firm. The entries in the other books, however, he was able to identify. In the oldest book are entries under date of Jan. 31st, 1853, showing shipments of about 2,000 barrels "3 F Flour." The other books contained similar entries, but need not be considered here. The entries in this old book were properly received in evidence. The book was more than thirty years old, was found in proper custody, and was free from all grounds of suspicion. It therefore proved itself. *Applegate* v. *Lexington & C. County Min. Co.* 117 U. S. 255, 29 L. ed. 892, 6 Sup. Ct. Rep. 742; *Hamerschlag* v. *Duryea,* 172 N. Y. 622, 65 N. E. 1117; *Bullen* v. *Michel,* 2 Price, 399; *Wynne* v. *Tyrwhitt,* 4 Barn. & Ald. 376. In the circumstances of this case, such entries are to be considered a part of the *res gestæ,* rather than as a mere recitation of past events. Such is the force of the cases cited.

Frank Cloud, a retired miller, seventy-eight years old, and an entirely disinterested witness, testified that the firm of Tatnall & Lea, for whom he then worked, used the trademark "F F F" upon flour in 1852 and thereafter, and that he had done much branding himself. The witness was asked what caused him to remember the date 1852, and replied: "The year that I got the situation at Stanton mills the mills were under repair, and that is the time the brand was started; I cannot remember the month." The entries in the old book, supplemented by the testimony of this witness, we think fully justified the conclusion reached by the Commissioner.

We have eliminated from our consideration the testimony elicited by leading questions, the record showing that timely objection was noted. *American Stove Co.* v. *Detroit Stove*

*Works,* 31 App. D. C. 304. It is unnecessary to notice other objections raised.

The decision of the Commissioner is affirmed, and the clerk will certify this opinion, as by law required.     *Affirmed.*

Mr. Justice BARNARD, of the supreme court of the District of Columbia, sat with the court in the hearing and determination of this appeal, in the absence of Mr. Chief Justice SHEPARD.